IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

David New, individually and on behalf
of all others similarly situated,

                  Plaintiff,

     v.

ANTHROPOLOGIE, INC.,

                  Defendant.

_____/

## CLASS ACTION COMPLAINT

Comes now David New ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action individually and on behalf of all others similarly situated against Anthropologie, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations.

2.     Plaintiff is a blind individual. He brings this class action against Defendant for failing to design, construct, and/or own or operate Point Of Sale Devices ("POS Devices")[1] that are fully accessible to, and independently usable by, blind people.

3.     Specifically, the POS Devices in Defendant's stores throughout the United States are not fully accessible to, and independently usable by, blind people. Instead, the POS Devices

---

[1] By "POS Device," Plaintiff refers to the electronic device used by a customer at the point of purchase that allows the customer to pay for items with a debit, credit, or other electronic funds card.

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR.  |  SUITE 424  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

have touch screen surfaces with features that are not discernible to individuals who are blind or visually impaired.

4.      To make a debit card purchase using Defendant's POS Devices, a customer must enter their Personal Identification Number ("PIN").  However, because a blind or visually impaired individual cannot discern the numerical references displayed on the keypad of the POS Device, said individual does not have the ability to independently make a debit purchase. Instead, the blind or visually impaired consumer must divulge their PIN number in order to complete a debit transaction.

5.      Defendant's use of flat touch screen POS Devices discriminates against blind and visually impaired consumers in violation of the ADA by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at Defendant's stores.  42 U.S.C. § 12182(a).

6.      POS Devices with tactilely discernible keypad surfaces—which are independently usable by a blind or visually impaired individual—are readily available and in fact used by a substantial percentage of retail merchants.

7.      Plaintiff intends to continue to be a customer of Defendant's stores, and desires to make future payments by debit card.  However, unless Defendant is required to install ADA compliant POS Devices, Plaintiff will continue to be unable to independently make payments for any purchases by debit card.

8.      Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's POS Devices violate federal law as described, and an injunction requiring Defendant to update or replace all POS Devices that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, blind or

visually impaired individuals.  Plaintiff further requests that, given Defendant's failure to comply with the ADA's mandate, this Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

<u>THE ADA AND ITS IMPLEMENTING REGULATIONS</u>

9.      On July 26, 1990, Congress enacted the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  *See* C.F.R. § 36.508(a)-(b).

10.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

11.      Title III of the ADA prohibits discrimination in places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. §§ 12181-89.

12.      Defendant owns, operates, controls and/or leases a place of public accommodation.

13.      Defendant's POS Devices located in its retail stores are not fully accessible to, and independently usable by, blind or visually impaired individuals.

14.      Defendant's centralized management policies regarding its POS Devices are inadequate, and Defendant's POS Devices continue to be inaccessible to, and not independently usable by, blind or visually impaired individuals.

<u>JURISDICTION AND VENUE</u>

15.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

16.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

<u>PARTIES</u>

18.     Plaintiff is and, at all times relevant hereto, was a resident of the state of Florida. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

19.     Defendant is a corporation incorporated in Pennsylvania and headquartered at Philadelphia, Pennsylvania.   Defendant owns, leases, or operates a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E).

<u>VIOLATIONS AT ISSUE</u>

20.     In February 2014, Plaintiff visited Defendant's store located at 1108 Lincoln Road, Miami Beach, Florida.

21.     Plaintiff attempted to make a purchase with a debit card but was unable to make the purchase independently because, at the time of the visit, Defendant's POS Device was not fully accessible to, and independently usable by, blind people, as above described.

22.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that a significant number of the other POS Devices in Defendant's stores are similarly not independently usable by the blind or visually impaired.

23.     Defendant does not provide any auxiliary aids or services calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

24.     As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons without visual impairments, cannot independently make a debit purchase at Defendant's stores.

25.     Defendant's non-compliance threatens blind people with the loss of their private banking information.  Blind people who wish to make a debit purchase at Defendant's stores have no choice but to reveal their private PINs to others to complete the debit purchase.

26.     Though Defendant has centralized policies regarding the management and operation of its POS Devices, Defendant has never had a plan or policy that is reasonably calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

27.     Plaintiff has actual knowledge of the fact that Defendant's POS Devices lack the elements required to make them fully accessible to, and independently usable by, blind people.

28.     As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer debit purchases through POS Devices are fully accessible to, and independently usable by, the blind.

29.     Plaintiff intends to return to certain of Defendant's stores to shop and to ascertain whether they remain in violation of the ADA.

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR.  |  SUITE 424  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

30.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's POS Devices in violation of his rights under the ADA.

CLASS ALLEGATIONS

31.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to make a debit purchase with Defendant's POS Devices at its stores throughout the United States.

32.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

34.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they have all been and/or are being denied full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its POS Devices fully accessible and independently usable as above described.

35.     Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who

are competent and experienced in class action litigation generally, and who possess specific expertise in the context of class action litigation under the ADA.

36.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

<u>SUBSTANTIVE VIOLATION</u>

37.     The allegations contained in the previous paragraphs are incorporated by reference.

38.     Defendant has discriminated against Plaintiff and the class in that it has failed to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12182(a) as described above.

39.     Defendant has discriminated against Plaintiff and the class in that it has failed to provide auxiliary aids and services calculated to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12101, 12102(2) and 28 C.F.R. § 36.101 *et seq.*  Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

40.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make their POS Devices fully accessible to, and independently usable by, blind individuals, Plaintiff invokes his statutory right to declaratory    and    injunctive    relief,    as    well    as    costs    and    attorneys'    fees.

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR.  |  SUITE 424  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

41.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully compliant with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its POS Devices be fully accessible to, and independently usable by, blind people is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its POS Devices were fully accessible to, and independently usable by, blind individuals;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 which directs Defendant to take all steps necessary to brings its POS Devices into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the POS Devices are fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its POS Devices are fully compliant with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully compliant with the law;

c.     An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.     The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: February 13, 2014    Respectfully Submitted,

         By: *s/Andrew B. Boese*
         Andrew B. Boese, Esq.
          Florida Bar No. 824771
         Tiffany L. Anderson, Esq.
          Florida Bar No. 83995
         LEÓN COSGROVE
         255 Alhambra Circle, Suite 424
         Coral Gables, FL 33134
         Telephone: (305) 740-1975
         Facsimile:  (305) 437-8158
         aboese@leoncosgrove.com
         tanderson@leoncosgrove.com
         kvasquez@leoncosgrove.com

         *Counsel for Plaintiff*

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR.  |  SUITE 424  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

David New, individually and on behalf of all others similarly situated,

### DEFENDANTS

Anthropologie, Inc.,

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew B. Boese & Tiffany L. Anderson, (305) 740-1975,
Leon Cosgrove, LLC 255 Alhambra Cir., #424 Coral Gables, FL 33134

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:   ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 2  U.S. Government
      Defendant

☑ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☑ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed (See VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
LENGTH OF TRIAL via 2-3   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☑ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE   2/13/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   IFP _____   JUDGE _____   MAG JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: